1

2

3

4

5

6

7

8                         UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JAMES MAXEY,                           No.  2:15-cv-1601 TLN CKD PS

12                  Plaintiff,

13        v.                                ORDER AND

14   HILL AIR FORCE BASE, et al.,           FINDINGS AND RECOMMENDATIONS

15                  Defendants.

16

17        Plaintiff is proceeding in this action pro se.  Plaintiff has requested authority pursuant to

18   28 U.S.C. § 1915 to proceed in forma pauperis.  This proceeding was referred to this court by

19   Local Rule 302(c)(21).

20        Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is unable

21   to prepay fees and costs or give security for them.  Accordingly, the request to proceed in forma

22   pauperis will be granted.  28 U.S.C. § 1915(a).

23        The federal in forma pauperis statute authorizes federal courts to dismiss a case if the

24   action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted,

25   or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C.

26   § 1915(e)(2).

27        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

28   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

1

1    Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

2    indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

3    490 U.S. at 327.

4         In order to avoid dismissal for failure to state a claim a complaint must contain more than

5    "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause

6    of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words,

7    "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

8    statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a claim

9    upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A

10   claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

11   the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S. Ct.

12   at 1949.  When considering whether a complaint states a claim upon which relief can be granted,

13   the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007),

14   and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416

15   U.S. 232, 236 (1974).

16        In this action, plaintiff alleges claims against a variety of federal and state officials.

17   Plaintiff has filed over one hundred and fifty actions in this District in the past two years; as with

18   the other complaints, the instant complaint is vague, conclusory, rambling, incoherent and

19   appears to be delusional.  See Maxey v. United States of America, 2:14-cv-900 JAM EFB PS,

20   Findings and Recommendations filed April 29, 2014 (ECF No. 4).  Moreover, subsequent to the

21   filing of the instant complaint, plaintiff has been declared a vexatious litigant.  See Maxey v.

22   Mayor Kevin Johnson, et al., 2:15-cv-1656 JAM EFB PS, Order filed August 10, 2015 (ECF No.

23   7).  Plaintiff's claims are utterly frivolous and amendment would be futile.  No further judicial

24   resources should be expended in adjudicating plaintiff's clearly meritless claims.

25        Accordingly, IT IS HEREBY ORDERED that plaintiff's request to proceed in forma

26   paupers (ECF No. 2) is granted; and

27   /////

28   /////

2

1    IT IS HEREBY RECOMMENDED that:

2        1.  This action be dismissed without leave to amend; and

3        2.  The Clerk of Court be directed to close this action.

4        These findings and recommendations are submitted to the United States District Judge

5    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

6    after being served with these findings and recommendations, any party may file written

7    objections with the court and serve a copy on all parties.  Such a document should be captioned

8    "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

9    within the specified time may waive the right to appeal the District Court's order.  Martinez v.

10   Ylst, 951 F.2d 1153 (9th Cir. 1991).

11   Dated:  August 18, 2015

12                                              _____
                                                CAROLYN K. DELANEY
13                                              UNITED STATES MAGISTRATE JUDGE

14

15

16   4 maxey-hillafb1601.ifp-vex.57

17

18

19

20

21

22

23

24

25

26

27

28